MARGARET M. LONG v. JANE ANGEL

198 So. 339

Division A

Opinion Filed November 1, 1940

Rehearing Denied November 19, 1940

*W. F. Way* and *Moreland Maddox,* for Plaintiff in Error;

*B. M. Skelton,* for Defendant in Error.

THOMAS, J.—The litigation in the circuit court grew out of a promissory note with no unusual features, made by Jane Angel to Margaret M. Long, evidencing a debt of one thousand dollars due five years after its date, April 19, 1929. The declaration was in the customary form, and to it the defendant filed pleas presenting the defenses that the cause of action did not accrue in five years and that the consideration had failed. In support of the latter, it was alleged that the defendant had purchased certain property in October, 1925, for herself and others, among them the plaintiff who invested the sum of two thousand dollars in the venture; that it was "generally understood" by the interested parties that the property would not be sold by the defendant until it would yield a profit in excess of ten per cent; that the value had depreciated instead of appreciated; that the plaintiff requested the return of the two thousand dollars; that one-half of this amount was paid her by the defendant; that the plaintiff still retained a beneficial interest in the land and in the ratio that her remaining investment of one thousand dollars bore to the whole sum paid in by the plaintiff, the defendant and the other investors; and that there was no consideration from the plaintiff for the execution of the note forming the basis for the suit.

In the second plea it was averred that the notations of interest paid on the note, each in the sum of five dollars, March 25, 1936, and April 19, 1937, were true, and these allegations were repeated in the plea of failure of consideration.

From the analysis we have given the latter plea, it would be difficult for the reader to understand the relationship between the payment of one thousand dollars and the execution of the note for a like amount, but in the summary

of the facts as they were detailed by the witnesses this uncertainty will be obviated.

A replication was filed on the part of the plaintiff in which it was denied that the note had been given without consideration, and that there was any understanding about the resale of the property only when a certain profit could be earned. It was affirmatively set forth that the defendant had procured from the plaintiff two thousand dollars in cash, half of which was a loan and the other half for an interest in the property; that one thousand dollars was repaid, and that the note sued upon was delivered to the plaintiff in exchange for all claims the plaintiff had to the lands. It was specifically averred also that the payments endorsed on the note were actually made at the times indicated, thus raising the issue whether the operation of the statute of limitations was suspended.

From the testimony of the various witnesses in the case and the exhibits which were introduced in evidence, we learn that on January 15, 1926, the plaintiff delivered to the defendant her check for two thousand dollars. There is some doubt about the details of the original transaction, but there can be none that this amount was paid by the one and received by the other. A month later the defendant delivered to the plaintiff a check for $1,006.68 in repayment of one-half of the amount originally paid. On April 19, 1929, the defendant executed the promissory note sued upon, which bore the notation "Attached as collateral is an assignment of one share in Hernando Syndicate." Parenthically, this was not the real estate to the purchase of which the plaintiff was said to have made a contribution. On the same day that the note was executed, the defendant addressed a communication to Frank C. Dorman, her co-trustee for the shareholders in the Hernando Syndicate, ad-

vising him that she had assigned to the plaintiff as collateral for the note one share, of Hernando Syndicate and requesting him to hold it in reserve as a charge against her interest, and for the benefit of the payee of the note. At that time, too, the defendant signed, sealed and delivered to the plaintiff a mortgage on certain other property to secure the payment of the note, and reciting in it that it was subject to a prior encumbrance. Subsequently, this collateral was rendered valueless because of the foreclosure of the first mortgage.

At the conclusion of the introduction of all testimony the trial judge instructed the jury that they should disregard all of the evidence "tending to contradict in any way that written instrument" which he theretofore had described as "an unambiguous promise to pay." It is that act on the part of the judge that is strenuously attacked as improper and reversible error. From a careful consideration of the pleadings and the testimony, we are unable to agree with the contention. The plaintiff had been reimbursed for one-half of the money originally paid to the defendant. About three years later the promissory note was given for the remaining half, and to secure it, there was an assignment of an interest in land and also a second mortgage on other property. That clearly indicates an unambiguous transaction showing that the maker of the note, who was the mortgagor and assignor, intended to secure the payment of a definite amount of money. We have studied the theory of the plea of failure of consideration and have construed this pleading with the replication filed by the plaintiff and not attacked by the defendant. From this examination we believe that the issue raised by these two pleadings is the one whether at the time the note was given the lack of reassignment by the plaintiff to the defendant of her interest in the so-called

syndicate amounted to one of consideration for the note. While it is true that there was no instrument executed showing a reassignment at the time of the execution of the note, we think that this was the effect of the transaction, and that none was necessary to establish consideration, because neither at the time of the original payment, nor at any time thereafter until the giving of the note did the plaintiff receive any document whatever showing her share in the property. No document ever having been given her by the defendant evidencing an interest in the property, there was no need for her to present the defendant with a writing showing the relinquishment of that interest.

In reliance upon this plea, the defendant sought to prove that although the note was regular on its face, and secured, and there was nothing about it or the papers delivered with it to show that it was other than represented on its face, it was actually given only as an evidence of the payee's right to participate in the profits of the real estate venture. This evidence, in our view, did not correspond to all allegations of the plea as we construe them, and was clearly violative of the rule that parol evidence could not be introduced to alter or vary the terms of the written instrument, and we are not swayed from this conviction by an affidavit signed by the defendant about three years after the execution of her note, indicating that the plaintiff still had a share in the property.

We conclude that the instruction to the jury about disregarding the evidence tending to vary the provisions of the promissory note was quite correct. The defendant should not have been encouraged in her attempt to defeat collection on the claim that the consideration was a failure when by doing so it was thoroughly established that the one thousand dollars represented by the note was actually re-

ceived by her and also, by the documentary evidence, that the original character of the transaction was completely changed when, three years later, she not only acknowledged the indebtedness but gave security therefor in two different forms. This situation wholly fails to support the position that consideration failed because the payee neglected to re-assign to the maker the interest which the payee may at some time have had in the property of the syndicate.

The other issue, namely, whether the claim was barred by the statute of limitations, was submitted to the jury under the instruction that they should find for the plaintiff if they determined from the evidence that the interest payments had been made on the note before its maturity, and if they concluded otherwise, the verdict should be for the defendant. The testimony on this point was conflicting, but there was sufficient evidence before the jury to justify their verdict that these payments were made as appeared on the instrument, and therefore, no error appears in their verdict.

The judgment is—

Affirmed.

TERRELL, C. J., and BUFORD, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.